UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FACTORY DIRECT
LINERS, INC., a Georgia
corporation,

        Plaintiff,

v.

SPARTAN POOLS, INC., a
Michigan corporation,

        Defendant.
_____/

Case No. 2:16-cv-10031
Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND HOLDING IN ABEYANCE IN PART PLAINTIFF'S OCTOBER 25, 2016 MOTION TO COMPEL (DE 15)

### A.  Background

Plaintiff Factory Direct Liners, Inc. ("Factory Direct Liners") filed this lawsuit against Defendant Spartan Pools, Inc. ("Spartan Pools") alleging several causes of action, including:  (1)-(4) federal trademark infringement, (5) false designation of origin, (6) common law trademark infringement and unfair competition, and (7) trademark dilution.  (DE 1.)  Spartan Pools has filed a counterclaim seeking a declaratory judgment of non-infringement and cancellation of Plaintiff's claimed marks.  (DE 5 at 19-27.)[1]

---

[1] Judge Lawson has referred this case to me to conduct a settlement conference, which has been noticed for Friday, October 28, 2016.  (DE 13, DE 14.)  Pursuant

**B.     Defendant's Fed. R. Civ. P. 26(a)(2)(C) Disclosure of Expert Testimony**

Fed. R. Civ. P. 26(a)(2) provides for the disclosure of expert testimony, in some cases by provision of a written report (Rule 26(a)(2)(B)) and in other cases without need to provide a written report (Rule 26(a)(2)(C)).  Defendant's September 1, 2016 expert testimony disclosure identifies Thomas Zeros, C.P.A., as a proposed witness who "is expected to present evidence about the financial records and data of Spartan Pools, Inc." (DE 15-1.)  The notice is offered under Fed. R. Civ. P. 26(a)(2)(C); thus, it contends "no report pursuant to Fed. R. Civ. P. 26(a)(B) is necessary."

**C.     Instant Motion and Discussion**

Currently before the Court is Plaintiff's October 25, 2016 motion to compel the October 27, 2016 fact witness deposition of Thomas Zeros - described as a CPA who prepares Defendant's financial and tax reports - in accordance with the October 14, 2016 deposition notice, except with a change in location to defense counsel's office in Troy, Michigan.  (DE 15 at 3, DE 15-2.)  Moreover, because it seeks to depose Zeros as a fact witness and not as an expert witness, Plaintiff's motion fairly raises the issue of which party will bear any associated witness fee, whether an expert witness fee or in compensation for a lay witness's time.

---

to the Court's case management and scheduling order, the discovery cutoff is November 14, 2016.  (DE 8.)

Judge Lawson has referred this motion to me for hearing and determination. (DE 16.)

### D. Discussion

Given the tight time line, the Court conducted an on-the-record telephonic conference on the afternoon of October 26, 2016 with Plaintiff's counsel (Sanford Jay Asman (GA)) and defense counsel (James K. Thome). Although the impending settlement conference was discussed, the Court also entertained discussion of Plaintiff's motion to compel, albeit in its infancy.

### E. Order

Consistent with that discussion, due to the exigencies of the situation, the need for Mr. Zeros to provide testimony, the help his testimony may provide toward resolution of this case and in order to avoid later expenses, Plaintiff's motion (DE 15) is **GRANTED** to the extent it requires Defendant to produce Mr. Zeros for deposition by Plaintiff while its counsel is in Michigan for the settlement conference. The deposition **SHALL** occur and conclude no later than 5 p.m. on Saturday, October 29, 2016.

However, the motion (DE 15) is **HELD IN ABEYANCE** to the extent it concerns the payment of a witness fee – expert or otherwise - to Mr. Zeros. As to this issue, I conclude that further briefing is necessary and his deposition transcript may prove helpful: Plaintiff **SHALL** file its supplemental brief no later than

Monday, **November 7, 2016**; Defendant **SHALL** file its response no later than Monday, **November 14, 2016**; and Plaintiff **SHALL** file any reply no later than Thursday, **November 17, 2016**. Specifically, these briefs shall address the following issues: **(1)** whether, under Fed. R. Civ. P. 26(b)(4)(E)(i), Mr. Zeros is an expert to whom "a reasonable fee needs to be paid for time spent in responding to discovery . . .[,]" and, alternatively, **(2)** assuming that Mr. Zeros is a lay witness, whether it is necessary for Plaintiff to pay a fee due to the witness's specialized knowledge or expenditure of professional time. The parties are encouraged to direct the Court's attention to relevant portions of Mr. Zeros's deposition transcript and to opinions of the Sixth Circuit and the Eastern District of Michigan involving the depositions of certified public accountants, in support of their respective positions.

    **IT IS SO ORDERED.**

Dated: October 27, 2016            s/Anthony P. Patti
                                           Anthony P. Patti
                                           U.S. MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 27, 2016, electronically and or by U.S. Mail.

                                           s/Michael Williams
                                           Case Manager for the
                                           Honorable Anthony P. Patti